IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIONNE PANCHOO, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TEAM ROOFING & CONSTRUCTION, L.L.C and JASON SLAUGHTER, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Dionne Panchoo ("Plaintiff" or "Ms. Panchoo"), by and through her undersigned counsel, and files this lawsuit against Defendants Team Roofing & Construction, L.L.C., ("Defendant Team Roofing") and Defendant Jason Slaughter ("Defendant Slaughter") (collectively "Defendants"), and for her First Complicated shows the following:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for retaliation against Defendant Team Roofing under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et.

1

seq. ("Title VII"). Plaintiff also brings tort claims for damages against Defendant Slaughter.

2.

This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. § 1367.

4.

Defendant Team Roofing conducts business in this judicial district and is subject to specific jurisdiction over the claims asserted herein. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court as to Defendant Team Roofing.

5.

Defendant Jason Slaughter resides in this judicial district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court as to Defendant Jason Slaughter.

6.

Defendant Slaughter's batteries, as set forth in this Complaint, were committed outside of this judicial district. However, the Court has supplemental jurisdiction over the claims in accordance with 28 U.S.C. § 1367.

## PARTIES

7.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

8.

Plaintiff was employed by Defendant Team Roofing. Defendant is a domestic limited partnership qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant Team Roofing may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Micah Chad Cruce, 3932 Bullock Bridge Road, Loganville, GA, 30052, USA.

10.

Defendant Slaughter is a Georgia resident and is subject to the jurisdiction in this Court.

## ADMINISTRATIVE PROCEDURES

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

12.

Upon Plaintiff's request, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charges, entitling an action to commenced within ninety (90) days of receipt of that notice.

13.

This action has been timely commenced.

## FACTUAL ALLEGATIONS

14.

Defendant Team Roofing is now, and at all times relevant hereto, has been an employer subject to Title VII.

15.

Plaintiff began her employment with Defendant Team Roofing in February 2020.

16.

During the course of Plaintiff's employment, she worked in several departments of the company.

17.

Most recently, Plaintiff worked as a data analyst in Defendant Team Roofing's marketing department.

18.

In or around September 24, 2021, Plaintiff, along with approximately seven other team members and Defendant Slaughter, attended a trade show in Richmond, Virginia.

19.

One evening after the trade show, Plaintiff and her co-workers went out together.

20.

At one point during the night, Plaintiff was chatting with Defendant Slaughter.

21.

During the conversation between Plaintiff and Defendant Slaughter, Defendant Slaughter put his hand underneath Plaintiff's skirt. Defendant Slaughter proceeded to pinch Plaintiff's buttocks.

22.

At the same time that Defendant Slaughter pinched Plaintiff's buttocks, he pinched Plaintiff's nipple with his other hand.

23.

Plaintiff was extremely upset about what happened at the trade show. On or about October 2, 2021, Plaintiff told Defendant Team Roofing's head of Human Resources, Braxton Slaughter ("Ms. Slaughter"), about what Defendant Slaughter had done.

24.

Ms. Slaughter is both the head of Human Resources and Mr. Slaughter's daughter.

25.

On October 11, Plaintiff was terminated.

26.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation for engaging in protected activity.

27.

As a result of Defendant Team Roofing's actions, Plaintiff has suffered damages, including lost wages and emotional distress. As a result of Defendant Slaughter's tortious conduct, Plaintiff has suffered damages, including emotional distress.

## CLAIMS FOR RELIEF

### COUNT I:  RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – (as to Defendant Team Roofing)

28.

Plaintiff re-alleges preceding paragraphs 10-23 as if set forth fully herein.

29.

Plaintiff engaged in protected activity.

30.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful retaliation in violation of Title VII.

31.

There was a causal connection between the protected conduct and the adverse

action of terminating Plaintiff's employment.

32.

As a direct and proximate result of Defendant Team Roofing's violation, Plaintiff has suffered economic and non-pecuniary damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is entitled to punitive damages.

34.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

### **COUNT II: BATTERY – (as to Defendant Slaughter)**

35.

Plaintiff re-alleges paragraphs 10-26 as if set forth fully herein.

36.

When Defendant Slaughter touched Plaintiff in an offensive manner without Plaintiff's consent, Defendant Slaughter committed battery.

37.

Defendant Slaughter is liable for all general and special damages proximately resulting from his battery of Plaintiff.

## Count III – Attorneys' Fees and Expenses of Litigation
### (Pursuant to O.C.G.A. § 13-6-11 – as to Defendant Slaughter)

38.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

39.

Defendant Slaughter has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

40.

Plaintiff has put Defendant Slaughter on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendant Slaughter.

## Count IV – Punitive Damages
### (Pursuant to O.C.G.A. § 51-12-5 – as to Defendant Slaughter)

41.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

42.

The aggravating circumstances in Defendant Slaughter's commission of the conduct against Plaintiff and intentions in committing same, entitle Plaintiff to an award of punitive damages to deter Defendant Slaughter from repeating the trespass and as compensation for the wounded feelings of Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendants' misconduct;

(b) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation from Defendants';

(e) Trial by jury as to all issues;

(f)       Prejudgment interest at the rate allowed by law;

(g)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(h)       All other relief to which she may be entitled.

Respectfully submitted this 24th day of January, 2022.

                                    **BARRETT & FARAHANY**

                                    /s/ V. Severin Roberts
                                    V. Severin Roberts
                                    Georgia Bar No. 940504

                                    *Attorney for Plaintiff Dionne Panchoo*

PO BOX 530092,
Atlanta, GA 30343-0092
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com